UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAR TRIBBLE,

    Petitioner,

v.                                                             Case No. 8:22-cv-1160-TPB-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Star Tribble, a Florida prisoner, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), the response, (Doc. 10), and Tribble's reply, (Doc. 13), the petition is dismissed.

## Background

A state court jury convicted Tribble of first-degree murder, tampering with a witness, tampering with physical evidence, attempted tampering with physical evidence, and filing a false police report. (Doc. 10-2, Ex. 2.) The state trial court sentenced her to life in prison. (*Id.*) The state appellate court *per curiam* affirmed the convictions and sentence. (Doc. 10-2, Ex. 4.) Tribble moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 10-2, Ex. 5.) The state court denied the motion, and the state appellate court *per curiam* affirmed the denial. (Doc. 10-2, Exs. 6, 8.)

1

## Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitations period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Tribble's conviction and sentence on March 6, 2019. (Doc. 10-2, Ex. 4.) Her judgment became final 90 days later, on June 4, 2019, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Tribble's AEDPA limitations period began to run the next day, June 5, 2019. She had until June 5, 2020, absent any tolling in state court, to file her § 2254 petition.

Tribble did not file any state court tolling applications by June 5, 2020. She did not move for postconviction relief in state court until February 15, 2021, after the AEDPA limitations period had already expired. (Doc. 10-2, Ex. 5, p. 16.) Her postconviction motion does not affect the AEDPA limitations period because that period cannot be revived. *See Tinker v. Moore*, 255 F.3d 1331, 1333

(11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Tribble's § 2254 petition, filed on May 13, 2022, is untimely under § 2244(d).

Tribble asserts that the Court can consider her time-barred petition because she is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that a petitioner's actual innocence, if proved, allows for a court to review the petitioner's untimely § 2254 petition). To prove her actual innocence, Tribble must establish that in light of new reliable evidence, "no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). But "tenable" claims of actual innocence "are rare," and the category of cases that satisfies this standard is "severely confined." *Perkins*, 569 U.S. at 386, 394-95.

Tribble has not come forward with any new reliable evidence in light of which no reasonable juror would have voted to convict her. *See id.* at 386. She merely states that she "is not the actual perpetrator of the offenses charged and this fact was known." (Doc. 13, p. 3.) Tribble's assertion fails to establish her actual innocence for purposes of reviewing her untimely petition.[1]

---

[1] Tribble does not argue or establish entitlement to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010).

3

Accordingly, it is **ORDERED** that Tribble's petition, (Doc. 1), is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Tribble and **CLOSE** this case.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her petition. 28 U.S.C. § 2253(c)(1). The district court or the circuit court of appeals must issue a certificate of appealability. To warrant a certificate of appealability, Tribble must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Tribble has not met this standard, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. Tribble must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of September, 2024.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**